

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-14-2005

# Estate Aptekman v. Philadelphia

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-1645

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

## Recommended Citation

"Estate Aptekman v. Philadelphia" (2005). *2005 Decisions.* Paper 1361.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1361

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 04-1645
_____

ESTATE OF FLORENCE SILVERMAN APTEKMAN
BY STEPHEN MICHAEL SILVERMAN AND
MARK JOEL SILVERMAN, CO-ADMINISTRATORS
OF THE ESTATE OF FLORENCE
SILVERMAN APTEKMAN, DECEASED;
STEPHEN MICHAEL SILVERMAN, INDIVIDUALLY;
MARK JOEL SILVERMAN, INDIVIDUALLY;
LOUIS APTEKMAN, INDIVIDUALLY,

Appellants

v.

CITY OF PHILADELPHIA;
ASHTON HALL NURSING HOME;
BEATRICE STENTA,
INDIVIDUALLY AND IN HER PROFESSIONAL
CAPACITY AS ADMINISTRATOR
OF THE ASHTON HALL NURSING HOME;
APRIL LOWMAN,
INDIVIDUALLY AND IN HER PROFESSIONAL
CAPACITY AS DISPATCHER,
FOR THE CITY OF PHILADELPHIA
_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Civ. No. 01-cv-04963)
District Judge: Honorable Clarence C. Newcomer
_____

Submitted Under Third Circuit LAR 34.1(a): January 10, 2005

Before: ROTH and CHERTOFF[*], <u>Circuit</u> Judges,
RESTANI[**], <u>Judge</u>, United States Court of International Trade

(Filed April 14, 2005)

_____

OPINION

_____

Roth, <u>Circuit Judge</u>

The Estate of Florence Aptekman appeals an order of the United States District

Court for the Eastern District of Pennsylvania granting summary judgment to defendants

Ashton Hall Nursing Home and Beatrice Stenta.  Appellants filed a corporate negligence

claim against Ashton Hall, as well as claims for negligence, wrongful death and a

"survival action" against Ashton Hall and its supervisor, Beatrice Stenta.  For the reasons

discussed below, we will affirm.

Florence Aptekman was a resident of Ashton Hall, a long-term care nursing

facility.  On November 8, 2000, Louis Aptekman, the decedent's husband, visited her at

the home.  While they were eating in the dining room, Ms. Aptekman collapsed and

appeared to be going into cardiac arrest.  Staff members at the home came to Ms.

Aptekman's aid, saw that she appeared to be in grave distress, and called for an

_____

[*]  This case was submitted to the panel of judges Roth, Chertoff, and Restani.  Judge
Chertoff resigned after submission, but before the filing of the opinion.  The decision is
filed by a quorum of the panel.  28 U.S.C. § 46(d).

[**]  Honorable Jane A. Restani, Chief Judge of the United States Court of International
Trade, sitting by designation.

2

ambulance from Regional Medical Transport. Shortly thereafter, Ashton Hall staff members called 911, and a City of Philadelphia ambulance was dispatched. Appellants claim that there was a delay in the dispatch of the city ambulance. Ms. Aptekman died on the scene before she could be transported to a hospital. Although Appellants assume otherwise, it appears that Stenta was not in the building on the day of Ms. Aptekman's demise. Appellants did not produce any evidence that she was on the premises, and Stenta submitted an affidavit and copy of her time card to the contrary. Appellants did not submit expert reports or any kind of evidence regarding the cause of Ms. Aptekman's death, nor did they submit any expert reports regarding Ashton Hall's duty and alleged breach.

Ms. Aptekman's two sons brought this action on behalf of her Estate. Appellants sued the City of Philadelphia and its dispatcher, April Lowman, under 42 U.S.C. §§ 1983 and 1988 for violation of Ms. Aptekman's Fourteenth Amendment rights based on a failure to dispatch an ambulance in a timely manner. Appellants also pursued state claims of wrongful death and a "survival action" against these defendants. The City of Philadelphia and Lowman moved for summary judgment on the basis that Appellants could not show that the City or Lowman had violated any constitutional right of Ms. Aptekman's. They further asserted that Appellants' state law claims were barred by the Political Subdivision Tort Claims Act. See 43 Pa. Cons. Stat. § 8541.

Appellants claimed corporate negligence, negligence, wrongful death and a

3

"survival action" against Ashton Hall and negligence against Stenta. Ashton Hall and Stenta moved for summary judgment on the theory that Appellants failed to bring forth an issue of material fact because they failed to submit expert reports on causation with respect to Ms. Aptekman's demise. Ashton Hall also sought summary judgment on the basis that Appellants had failed to produce any expert reports regarding the nature of Ashton Hall's duty of care and whether there had been a breach of that duty. Stenta also moved for summary judgment on the basis that Appellants had failed to show the existence of an issue of material fact regarding her presence or absence at Ashton Hall on the day Ms. Aptekman died. The District Court granted summary judgment in favor of all defendants. Ms. Aptekman's Estate appealed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Our review is plenary. See Guardian Life Ins. Co. of Am. v. Goduti-Moore, 229 F.3d 212, 213 (3d Cir. 2000). On appeal, Appellants argues that summary judgment was inappropriate because there existed disputed issues of material fact. Particularly, they argue that there was an obvious causal connection between the defendants' actions and Ms. Aptekman's death and that there was were easily discernable duties of care that Ashton Hall breached.[***]

Summary judgment is appropriate when there is no genuine issue of material fact,

---

[***] It appears that Appellants have abandoned their claims against the City of Philadelphia and Lowman, as they have neither specifically appealed the District Court's order granting summary judgment to those defendants, nor have they raised any issues with respect to that order in their appellate briefs. This Court excused the City of Philadelphia from filing an appellate brief.

and the moving party is entitled to judgment as a matter of law. <u>See</u> Fed. R. Civ. P. 56(c); <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-23 (1986).

As the District Court properly noted, under all the asserted theories of liability, the Appellants must show that Ashton Hall's or Stenta's alleged actions were both a factual cause and a proximate cause of Ms. Aptekman's death. Although Appellants claim that the connection is plain, expert testimony as to the cause of death is usually necessary to prove causation. <u>See</u> <u>Mitzelfelt v. Kamrin</u>, 526 Pa. 54, 62 (1995). This is because the workings of the human body with respect to pain and injury are outside the ken of the average layperson. <u>See</u> <u>Hamil v. Bashline</u>, 481 Pa. 256, 267 (1978).

It is possible that no medical assistance, however swiftly rendered, would have prevented Ms. Aptekman's death. Where the causal nexus is not patently obvious, and there is no expert opinion, a factfinder could not simply infer a causal connection. <u>See</u> <u>Florig v. Sears, Roebuck & Co.</u>, 388 Pa. 419, 424 (1957). Because Appellant's failed to produce any expert testimony that any of the defendants' actions caused, increased the likelihood of, or hastened Ms. Aptekman's demise, the District Court properly concluded that there was no issue of material fact with respect to causation for any of the above causes of action. Additionally, Appellants failed to produce anything but speculation to controvert Stenta's evidence that she was not present at Ashton Hall on the date in question. They, therefore, failed to show that there was an issue of material fact as to any alleged causal nexus for Stenta. Summary judgment was, therefore, appropriate. Because

5

we agree that summary judgment was appropriate on this basis, we need not address Appellees' additional arguments.

For the reasons stated above, we will affirm the judgment of the District Court.